I agree with the result reached by the majority that the subrogation provision in the insurance contracts between the insureds and Alfa abrogates the made-whole doctrine, permitting Alfa to be subrogated for claims it paid to its insureds even though the insureds have not been fully compensated for their personal injuries. However, I do not believe, as the majority does, that the parties were free to negotiate the subrogation provision with its consequent effect. As the Eighth Circuit Court of Appeals stated in American Service Mutual Insurance Co. v.Bottum, 371 F.2d 6, 12 (8th Cir. 1967), "Insurance contracts are prime examples of `contracts of adhesion' where the customer is required to `adhere' to the standard contract form. Insurers, due to their greater bargaining position, should not be allowed to use this as a wholesale method for controlling applicable law."
I also agree with the application of the common-fund doctrine in the present case requiring Alfa to pay its share of the attorney fees incurred by the insureds in achieving an award from the tortfeasors. In this instance, the common-fund doctrine will lessen the harsh effects of subrogation where the insured has incurred the expense of counsel and court costs but has not been fully compensated for his or her personal injury.